DENISE M. VISCONTI, Bar No. 214168
dvisconti@littler.com
JENNIFER E. SAVION, Bar No. 298031
jsavion@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone: 619.232.0441
Facsimile:  619.232.4302

BENNETT KASPAR, Bar No. 301040
bkaspar@littler.com
LITTLER MENDELSON, P.C.
633 West Fifth St., 63rd Floor
Los Angeles, CA  90071
Telephone: 213.443.4300
Fax No.:    213.443.4299

Attorneys for Defendant
PENSKE TRUCK LEASING CO., L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN KINARD, and individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE TRUCK LEASING CO., LP, a Delaware limited partnership; and DOES 1 through 50, Inclusive,<br><br>Defendant. | Case No. 2:18-cv-10044 _____<br><br>(Los Angeles County Superior Court Case No. BC723786)<br><br>**DEFENDANT PENSKE TRUCK LEASING CO., L.P.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br><br>Complaint Filed:  October 2, 2018 |

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF SHERMAN KINARD AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Penske Truck Leasing Co., L.P. ("PTL") removes this action to this Court from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. Section 1446. Removal is proper based on the following grounds:

1. On or about October 2, 2018, Plaintiff Sherman Kinard ("Plaintiff") commenced this civil action against PTL in the Superior Court of the State of California for the County of Los Angeles by filing a Complaint therein entitled, *Sherman Kinard v. Penske Truck Leasing Co., LP, and DOES 1 through 50, inclusive*, Case No. BC723786 ("Complaint"). Declaration of Denise M. Visconti in Support of Defendant's Notice of Removal (hereafter, "Visconti Decl."), ¶ 3, Exhibit A (Complaint, Notice of Service of Process, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, ADR Information Packet, Notice of Case Management Conference, Order Setting Order to Show Cause).

2. PTL was served with the documents attached as Exhibit A to the Visconti Declaration on November 2, 2018. Visconti Decl. ¶ 3. Accordingly, 30 days have not expired since receipt by PTL of a copy of the Summons and Complaint.

3. On November 29, 2018, PTL filed its Answer to Plaintiff's Complaint. Visconti Decl. ¶ 4, Exh B. The documents attached as Exhibits A and B to the Visconti Declaration are the only process, pleadings, or orders served in this matter to date. *Id*. at ¶ 5.

4. The above-described action is a civil action that may be removed from the state court under 28 U.S.C. Sections 1332 and 1441 because it is a civil action, the matter in controversy exceeds $75,000 (exclusive of interests and costs), and it is between citizens of different states, as further explained in the paragraphs below.

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

**Amount in Controversy**

5.    Plaintiff fails to specify a damages sum in his Complaint. *See* generally Complaint. However, the failure to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W. Va. 1994) ("The defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy … otherwise … any Plaintiff could avoid removal simply by declining … to place a specific dollar value upon its claim."). Rather, removal is proper if, based on the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of a plaintiff's claims exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)

6.    PTL has the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez*, 102 F.3d at 404. However, "[that] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, * 2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

7.    In measuring the amount in controversy, the Court must assume the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION                    3.

Supp. 2d 1004, 1008-11 (N.D. Cal. 2002).  Further, the Court may examine extrinsic evidence of the amount in controversy.  *See Singer*, 116 F.3d at 377 (court may require parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

8.    Here, it is more likely than not that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a.    Plaintiff prays for mental and emotional distress damages for his first cause of action in an amount "in excess of $100,000."  *See* Complaint, Prayer for Relief, ¶ 1.

b.    Plaintiff prays for an award of medical expenses for his first cause of action in an amount "in excess of $50,000."  *See* Complaint, Prayer for Relief, ¶ 3.

c.    Plaintiff prays for an award of lost wages in an amount "in excess of $50,000."  *See* Complaint, Prayer for Relief, ¶ 4.  Plaintiff was employed as an Installer at PTL's Montebello location from November 7, 2016, to August 6, 2018.  Diercksmeier Decl. ¶ 2.  At the time of his termination, Plaintiff earned $15.45 hourly.  Diercksmeier Decl. ¶ 3.  Assuming that trial in this matter is set approximately one year from the time of removal, claimed back wages could amount to approximately $42,642.  In addition, front pay awards in California frequently span a number of years. *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years from the date of plaintiff's termination); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay benefits for only two years, the amount of future wages in controversy in this case could total at least an additional

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

4.

$64,272.   Accordingly, Plaintiff's claim for lost wages alone satisfies the amount in controversy.

d.   Plaintiff also seeks punitive damages.  *See* Complaint, Prayer for Relief ¶ 2.   Punitive damages are included in calculating the amount in controversy.  *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *See also, State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).   In California, it is not uncommon for punitive damages in retaliation cases to reach six-figures, or more.   *See, e.g.*, *Babyak v. Cardiovascular Sys. Inc.*, JVR No. 1705090057, 2017 WL 1907785 (April 25, 2017) (jury awarded Plaintiff punitive damages in the amount of $22,400,000 in an action for retaliation); *Williams v. Wyndham Vacation Ownership, et al.,* 2016 WL 7742244 (Cal. Super. Nov. 17, 2016) (awarding $18,570,099.16 in punitive damages in action under Labor Code section 1102.5); *Manuel v. Heart To Heart Care Inc., et al.*, JVR No. 1505190052 ($200,000 punitive damages award for whistleblower retaliation claim in Labor Code section 1102.5 action).

e.   Plaintiff's Complaint also seeks attorneys' fees.  *See* Complaint, Prayer for Relief ¶ 6.   Recoverable attorneys' fees also are included in the amount in controversy calculation.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

5.

While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed any damages award.

9.      Accordingly, based on the foregoing, the allegations in Plaintiff's complaint alone satisfy the $75,000 threshold for diversity jurisdiction.

## Diversity of Citizenship

10.     There is complete diversity between Plaintiff and Defendant.  Plaintiff has pled that he is a citizen of California.  *See* Compl. ¶ 6.

11.     PTL is not a California citizen; it is a limited partnership organized under the laws of the State of Delaware.  Declaration of David J. Battisti ("Battisti Decl."), ¶ 2.  The citizenship of a limited partnership is determined by reference to its partners.  *See Johnson*, 437 F.3d at 898.  PTL has one general partner: PTL GP, LLC.  Battisti Decl. ¶ 2.  In turn, PTL GP, LLC's sole member is LJ VP Holdings, LLC.  *Id*. at ¶ 3.  LJ VP Holdings, LLC's sole member is Penske Truck Leasing Corporation.  *Id*. at ¶ 4.  Penske Truck Leasing Corporation is a corporation.  *Id*. at ¶ 5.

12.     "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Penske Truck Leasing Corporation is incorporated under the laws of the State of Delaware.  Battisti Decl. ¶ 5.  Penske Truck Leasing Corporation's headquarters is in Reading, Pennsylvania.  *Id*.  Penske Truck Leasing Corporation's business operations are coordinated through its headquarters in Reading, Pennsylvania.  *See id*.  Accordingly, Penske Truck Leasing Corporation's principal place of business is in Reading, Pennsylvania.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 81, 93 (2010) (holding that a corporation's principal place of business is its "nerve center," which is normally where it maintains its headquarters).  Therefore, Penske Truck Leasing Corporation is a citizen of Delaware and Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

6.

13.   PTL also has three limited partners: (1) Penske Truck Leasing Corporation; (2) Penske Automotive Group, Inc.; and (3) MBK USA Commercial Vehicles, Inc.  Battisti Decl. ¶ 2.

14.   Penske Automotive Group, Inc. is a corporation organized under the laws of the State of Delaware. *Id*. at ¶ 6.  Penske Automotive Group, Inc.'s headquarters is in Bloomfield Hills, Michigan.  *Id*.  Penske Automotive Group, Inc.'s business operations are coordinated through its headquarters in Bloomfield Hills, Michigan. *See id*.  Accordingly, Penske Automotive Group, Inc.'s principal place of business is in Bloomfield Hills, Michigan. *See Hertz Corp*., 559 U.S. at 93.  Therefore, Penske Automotive Group, Inc. is a citizen of Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1).

15.   MBK USA Commercial Vehicles, Inc. is a corporation organized under the laws of the State of Delaware.  Battisti Decl. ¶ 7.  MBK USA Commercial Vehicles, Inc.'s headquarters is in Japan. *Id*.  MBK USA Commercial Vehicles, Inc.'s business operations are coordinated through its headquarters in Japan.  *See id*. Accordingly, MBK USA Commercial Vehicles, Inc.'s principal place of business is in Japan. *See Hertz Corp*., 559 U.S. at 93.  Therefore, MBK USA Commercial Vehicles, Inc. is a citizen of Delaware and Japan.  *See* 28 U.S.C. § 1332(c)(1).

16.   Under *Johnson*, therefore, PTL is a citizen of Delaware, Pennsylvania, Michigan, and Japan.

## Venue

17.   This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described Los Angeles Superior Court case is pending.  *See* 28 U.S.C. § 1441(a).

## The Remaining Requirements of 28 U.S.C. § 1446 Are Fulfilled

18.   Pursuant to 28 U.S.C. Section 1446(d), PTL will file a notice of removal with the Clerk of the Superior Court for the State of California, Los Angeles County, informing the Court that this matter has been removed to federal court.  A copy of this

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

7.

Notice of Removal, including all supporting documents, will be attached to the notice of removal filed with the superior court. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is also being served upon Plaintiff.

19. No previous application has been made for the relief requested in this removal.

20. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal. Accordingly, Defendant removes the above-entitled action to this Court.

Dated:   November 30, 2018

s/ Jennifer E. Savion
DENISE M. VISCONTI
JENNIFER E. SAVION
BENNETT J. KASPAR
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PENSKE TRUCK LEASING CO., L.P.

FIRMWIDE:159929190.3 099112.1003

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION

8.